[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 26, 1996 Date of Application February 7, 1996 Date Application Filed February 13, 1996 Date of Decision May 27, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford.
John Watson, Esq., Defense Counsel, for Petitioner.
Carl E. Taylor, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
After pleading guilty to Attempted Sexual Assault, 1st degree (§ 53a-49) (53a-70(a); Sexual Assault, 1st degree (§53a-70(a); and Burglary, 1st degree, (§ 53a-101), the petitioner was sentenced as follows:
 1. Attempted Sexual Assault — 20 years, execution suspended after 12 years, probation for 5 years (with special conditions)
 2. Sexual Assault — 20 years, execution suspended after 12 years, probation for 5 years (concurrent)
3. Burglary, 10 years concurrent
The total effective sentence was 20 years, execution suspended after 12 years, with a 5 year probation.
This sentence, however, was imposed to run consecutively to a sentence the petitioner was then serving.
In the attempted sexual assault the petitioner, on January 22, 1994, at 9:20 p. m. knocked on the victim's door, asking to use the telephone. After, gaining entry into the home, he attempted to rape the victim, but she fought him off and he left the apartment. The sexual assault took place on January 29, 1994 when at 3:45 a.m he forced his way into the victim's apartment, forced her into sexual intercourse, then left taking her VCR.
Petitioner's counsel argues that the then 34 year old petitioner has no prior record of sex offenses and that he suffers from chronic and severe psychological problems. He posits that he needs a long term in-patient treatment program and asks the Division to modify his sentence to allow that.
The petitioner, in his remarks, stated he is remorseful and would be amenable to treatment. CT Page 7031
The state's attorney points to his lengthy record which include five or six felony convictions, The state's attorney points to his lengthy record which include five or six felony convictions multiple violation of probation findings, and the failure of past attempts to get him to cooperate with treatment programs.
The record indicates that between 1988 and 1994, he has had some twenty admissions to the Bristol Hospital for various behavioral problems, (including substance abuse). There were numerous admissions to other facilities as well, but the history shows he consistently left against medical advice and failed to cooperate with most, if not all, of the programs recommended. He has little motivation to change his behavior and has been described as antisocial, sadistic, aggressive and psychopathic. His crimes are escalating in seriousness and he poses a grave danger in the community.
The prognosis for the petitioner to conform his conduct to appropriate standards is guarded, at best.
There is nothing about this sentence that is unreasonable or disproportionate. Applying the standards of P.B § 942 to our review, we affirm the sentence as imposed.
Purtill, Klaczak and Norko, J.s, participated in this decision.